UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
SHEINDEL AKSELROD
on behalf of herself and
all other similarly situated consumers

                         Plaintiff,

        -against-


CAVALRY PORTFOLIO SERVICES, LLC

                         Defendant.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Sheindel Akselrod seeks redress for the illegal practices of Cavalry Portfolio

       Services, LLC concerning the collection of debts, in violation of the Fair Debt

       Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

       that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in

       Valhalla, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

       consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

       1692(a)(6).

*Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Sheindel Akselrod*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about August 29, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said August 29, 2017 letter represented three settlement offers and then proceeded to state: "This offer expires 09/28/2017."

12. Defendant stated the above language in order to create a sense of urgency in Plaintiff and make her think that she was under a deadline to pay the debt.

13. Defendant's letter is misleading and deceptive in that its statements imply a time deadline.

14. Defendant's letters contained offers to settle by a specified date and made it appear that such an offer is a "one-time, take-it-or-leave-it offer," when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.

15. Upon information and belief, there was no time deadline; rather, Defendant made these statements solely to create a false sense of urgency by the Plaintiff. DeGeorge v. Fin. Recovery Servs., Civil Action No. 11-cv-04288, 2012 U.S. Dist. LEXIS 140966, at *18

(E.D. Pa. Sep. 27, 2012) ("Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA… I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations.")

16.     At all times herein, Defendant's written communications to Plaintiff were false, deceptive, and misleading.

17.     Defendant violated 15 U.S.C. § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt.

18.     Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

19.     Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

20.     Section 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively

more susceptible to harassment, oppression, or abuse."

21. Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

22. In the context of settlement letters, many courts have held that settlement letters can be a positive for both debt collectors and consumers. Nevertheless, in keeping with the statutory requirements, collection agencies may not be deceitful in the presentation of the settlement offer.[1]  In *Goswami*, the Fifth Circuit was presented with a letter from the defendant that stated that it could offer the plaintiff a 30% discount as long as it responded within the next 30 days, even though the defendant had authority to offer the discount for longer than the 30 days. Id. In reversing the district court's grant of summary judgment in favor of the defendant, the Fifth Circuit held that:

> While we agree it is important to permit collection agencies to offer settlement, that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a non- deceitful manner. A collection agency may offer a settlement; however, it may not be deceitful in the presentation of that settlement offer, as [defendant] was in this case…[The defendant's] deception is actionable under the FDCPA and is not excused because it is part of a debt collector's settlement offer.

Id. at 495-95. Referring to the actual letter at issue in *Goswami*, the court determined that for the following reasons, the defendant's letter was a violation of the FDCPA:

---

[1] Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 299 (3d Cir. 2008) citing Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir.2004)).

> The statement in the collection letter is untrue and makes it appear that [the original creditor's] offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days. The obvious purpose of the statement was to push [the plaintiff] to make a rapid payment to take advantage of the purported limited time offer.

23.    Defendant's use of an illusory and arbitrary deadline was meant to deceive the Plaintiff to make a prompt payment.

24.    Defendant claimed that its settlement offer in the said letter was strictly contingent upon payment being received in the amount(s) stated in the said letter by the due date stated, but upon information and belief, Defendant's time deadline is artificial. The Defendant intended to give the false impression that if the consumer does not pay the settlement offer by the deadline, then the consumer will have no further chance to settle their debt for less than the full amount.

25.    Upon information and belief, the original creditor did not put any limitations on the time within which Plaintiff could accept an offer.[2]

26.    The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer."[3]

27.    Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a

---

[2] See DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19-20 (E.D. Pa. Sept. 27, 2012). (Stating "while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all. Therefore, whether the least sophisticated consumer would perceive the [collection] letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.)

false statement in violation of the FDCPA.[4]

28.    A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount.[5]

29.    Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or unconscionable. However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector.[6]

30.    A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

31.    The clear intention of the said letter is to pressure the Plaintiff to come up with money before the illusory misleading deadline runs out.

32.    Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to the Plaintiff.

33.    The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs,

---

[5] See DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012). (The court stated "In *Evory* … [T]he Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an unsophisticated consumer would not be misled because "even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured… The safe harbor language in *Evory* did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e" The court noted "Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations. Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.")

mailing houses, and electronic databases.

34.     The said letter is a standardized form letter.

35.     Defendant's letter is in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

36.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

37.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

38.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

39.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

40.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

41.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

42.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

43.     These deceptive communications additionally violated the FDCPA since they frustrate

the consumer's ability to intelligently choose his or her response.

44.    As an actual and proximate result of the acts and omissions of Cavalry Portfolio Services, LLC, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

45.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty four (44) as if set forth fully in this cause of action.

46.    This cause of action is brought on behalf of Plaintiff and the members of a class.

47.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 29, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Citibank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692d, 1692e 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

48.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

      A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

49. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

50. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

51.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

52.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

53.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

      (a)    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

      (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

      (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
August 29, 2018


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

# Cavalry

PO Box 520
Valhalla, NY 10595

Phone: (866) 434-2995 • FAX: (914) 747-3673
**www.cavps.com**

August 29, 2017

RE: Original Institution:        Citibank, N.A.
Original Account No.:              5353
Cavalry Account No.:              28
Outstanding Balance:          $9443.74

Sheindel Akselrod

---

Cavalry is offering a **40%** discount to you.  That's right, you can resolve your account by simply choosing one of the following payment options listed below:

| 1 payment of $5666.24 | 18 monthly payments of $314.79 | 36 monthly payments of $157.39 |
|---|---|---|

This offer expires 09/28/2017.
Please note we are not obligated to renew this offer.

Please feel free to visit our website at **www.cavps.com** or call us at **(866) 483-5139** to discuss this or other payment options available at Cavalry.

Sincerely,

Christine Acosta
Cavalry Portfolio Services, LLC

We may report information about your account to credit reporting agencies.

---

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PAYMENT COUPON

Sheindel Akselrod



Please detach and return this portion with the payment to the address below.
Make Checks and Money Orders Payable to
**Cavalry Portfolio Services, LLC.**

If you would like to make a payment via our secure website, please visit us at **www.cavps.com**

**Cavalry Portfolio Services, LLC**
PO Box 27288
Tempe, AZ 85285-7288

Original Institution:        Citibank, N.A.
Original Account No.:              5353
Cavalry Account No.:              28
Outstanding Balance:          $9443.74

SIF_LTR
CVR.wld
903685
00013197
1 of 1